# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-62031-BLOOM/Valle

ALEXANDRA MATHEWS,

      Plaintiff,

v.

ADJUSTERMAN, LLC, and MICHAEL
E. KLAVAN,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' ADJUSTERMAN, LLC, and

MICHAEL E. KLAVAN (collectively "Defendants") Motion to Dismiss Plaintiff's Amended

Complaint and or Motion for a More Definite Statement, ECF No. [3] ("Motion"). The Court

has carefully reviewed the Motion, all opposing and supporting materials, the record in this case

and the applicable law, and is otherwise fully advised. For the reasons set forth below,

the Motion is granted in part and denied in part**.**

## I.      BACKGROUND

Alexandra Mathews ("Plaintiff") originally filed this action in the Seventeenth Judicial

Circuit in and for Broward County, Florida. *See* ECF No. [1–1]. Thereafter, Defendants

removed this action to this Court pursuant to 28 U.S.C. § 1331 and filed this Motion. ECF Nos.

[1] and [3]. Plaintiff's Amended Complaint alleges that Plaintiff entered into a written Public

Adjuster Apprentice Contract ("contract") with Adjusterman, LLC ("Adjusterman") for

employment. ECF No. [1–1] at ¶ 5. After they executed the contract, Plaintiff claims the parties

agreed to orally amend the contract, requiring that "she would be paid 20% of all collections on all matters that she worked upon." ECF No. [1–1] at ¶ 6. Plaintiff further alleges she worked in excess of forty hours per week and has not been compensated at all for her work. *Id.*

Based on these allegations, the Amended Complaint alleges "Breach of Written Contract (as Amended)" against Adjusterman in Count I, unjust enrichment against Adjusterman in Count II, violation of the Florida Minimum Wage Act in Count III, and violation of the Fair Labor Standards Act ("FLSA") in Count IV. *See* ECF No. [1-1]. In the Motion, Defendants seek dismissal of all claims in the Amended Complaint or alternatively a more definite statement. ECF No. [3]. Plaintiff's Response in opposition and Defendants' Reply timely followed. ECF Nos. [17] and [26]. The Motion is now ripe for review.

## II.     LEGAL STANDARD

### a.  Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in

favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### b.  Motion for a More Definite Statement

Under Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Since courts have liberally construed the pleading standard under Rule 8(a), "a short and plain statement" will be enough, unless upon motion it is shown that the pleading "is so ambiguous that a party cannot reasonably" respond. *Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996). "Most courts disfavor the use of Rule 12(e)," and "motions for a more

definite statement should not be used as a means of discovery." *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D 629, 630 (M.D. Fla. 2005).

### III. DISCUSSION

#### a. Breach of Contract

Seeking dismissal of Plaintiff's breach of contract claim, Defendants argue that Plaintiff's claim fails to properly plead that an oral modification to the written contract occurred.[1] ECF Nos. [3] and [26]. To state a breach of contract claim, a plaintiff must plead the existence of a contract, a material breach, and damages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). In this case, Plaintiff indeed pled the existence of a written contract, but she also pled the existence of an oral modification to that same written contract. *See* ECF No. [1-1] at ¶ 6. It is the latter that she claims was breached. *Id.* at ¶¶ 13-16. As a result, Plaintiff is seeking to enforce the terms of the written contract *as amended by the oral modification*. *Id.* This is an important distinction.

Both parties are in agreement with the principle that "a written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." *Prof'l Ins. Corp. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956). "A plaintiff only meets this standard if she has made a showing (a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); *and* (b) that both parties (or at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with

---

[1] Defendants also argue that under the existing written contract attached to the Complaint, Plaintiff fails to allege that she procured "new business" and that Defendants realized any income from such referrals. This argument assumes that Plaintiff is seeking to enforce the employment contract as written. As the Court understands the Amended Complaint, Count I seeks to enforce the written contract "as Amended" by the oral modification. The latter allegedly requires payment of twenty percent of all collections on matters that Plaintiff worked on regardless of whether such collections resulted from "new business." *See* ECF No. [1-1] at ¶ 6.

their obligations under the original contract); *and* (c) that due to plaintiff's performance under the contract as amended the defendant received and accepted a benefit that it otherwise was not entitled to under the original contract (i.e., independent consideration)." *See Energy Smart Indus., LLC v. Morning Views Hotels-Beverly Hills, LLC*, 660 F. App'x 859, 863 (11th Cir. 2016) (quoting *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 995 (Fla. 4th DCA 2014)) (emphasis in original).

As to the first requirement for an oral modification, Plaintiff has alleged that "[a]fter her employment commenced, Adjusterman and Plaintiff agreed to amend the Contract so that she would be paid 20% of all collections on all matters that she worked upon." *See* ECF No. [1-1] at ¶ 6. She has, therefore, alleged the requirement of mutual assent as she claims that both parties agreed to this amendment. As to the second requirement, the Amended Complaint alleges that "*based upon this agreement*, [Plaintiff] worked substantial numbers of hours for Adjusterman on many of its client matters including sometimes working over weekends and traveling out of town for Adjusterman." *Id.* (emphasis added). From these allegations, however, it remains unclear whether this performance was consistent with the terms of the oral modification or the terms of the original written contract. Plaintiff does not allege that the oral modification required that she work weekends and travel out of town. Thus, the Amended Complaint does not satisfy the second element to establish an oral modification. Likewise, there are no allegations indicating that due to this performance under the amended contract, Adjusterman received and accepted a benefit it was not otherwise entitled to under the original written contract. Without such allegations, Plaintiff cannot satisfy the third element. Based on the foregoing, Count I does not adequately plead the existence of an oral modification to a written agreement – the first element of Plaintiff's breach of contract claim.

Plaintiff must also plead that a material breach occurred. *Vega*, 564 F.3d at 1272. Even assuming that an oral modification was properly alleged, Plaintiff claims that, under this amended agreement, "she would be paid 20% of all *collections* on all matters that she worked upon." ECF No. [1-1] at ¶ 6 (emphasis added). To state a breach, Plaintiff must allege that Adjusterman collected on matters she worked on and subsequently failed to pay her the agreed upon twenty percent. The Amended Complaint is devoid of any allegations that Adjusterman received any such collections and without those allegations, there cannot be a breach of the alleged oral modification. Count I simply contains a formulaic recitation of the elements of a claim for breach of an employment contract. This is simply insufficient.

The Court concludes that Count I is due to be dismissed. However, the Court will grant Plaintiff an opportunity to cure these pleadings deficiencies in the form of a Second Amended Complaint.

### b.  Unjust Enrichment

With regard to Plaintiff's claim for unjust enrichment, Defendants argue that the Amended Complaint concedes the existence of an express contract concerning the same subject matter (i.e. unpaid compensation), and therefore, the unjust enrichment claim fails. ECF No. [3]. In response, Plaintiff states that her unjust enrichment claim is pled in the alternative to Count I. ECF No. [17].

To state a claim for unjust enrichment under Florida law, a party must allege "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (quoting *Ruck Bros. Brick, Inc. v. Kellogg &*

*Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)).  Florida law also provides, however, that "unjust enrichment is an equitable remedy which necessarily fails upon a showing that an express contract exists."  *Id.* (citing *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998)); *see also Kraft Co., v. J & H Marsh & McLennan of Florida, Inc.*, No. 2:06-CV-6-FtM-29DNF, 2006 WL 1876995, at *3 (M.D. Fla. July 5, 2006) ("The Court finds that a claim for unjust enrichment is unavailable to Kraft because of the existence of a legal remedy" – breach of contract).  If the existence of an express contract is in dispute, a motion seeking to dismiss a claim for unjust enrichment is premature. *Williams*, 725 So. 2d at 400.

This Court has previously held that an unjust enrichment claim can be pled in the alternative to a legal remedy so long as the existence of an express contract is in dispute.  *Mazzeo v. Nature's Bounty, Inc.*, Case No. 14-60580-CIV, 2015 WL 1268271, at *5 (S.D. Fla. Mar. 19, 2015) (denying motion seeking to dismiss unjust enrichment claim because it was pled in the alternative to a claim under the Florida Deceptive and Unfair Trade Practices Act and the existence of an express contract remained unproven).  In this case, Plaintiff alleges a claim for a breach of the written contract *as amended by the oral modification* in Count I.  At this point in the proceedings, it is unclear whether Adjusterman disputes the validity and existence of the alleged oral modification.  Until such time as the existence of the oral modification is proven and undisputed, it would be premature to dismiss Plaintiff's claim for unjust enrichment.  For that reason, the unjust enrichment claim survives dismissal.

### c.  Violation of Florida Minimum Wage Act and FLSA

Defendants also move to dismiss Counts III and IV, arguing that payment of minimum wage and overtime is not contemplated or required under the written agreement entered into by the parties.  *See* ECF No. [3].  In addition, Defendants argue that Plaintiff failed to specify how

many hours she worked, rendering her pleading "impermissibly vague." *Id.* The Court will address each of Defendants' arguments in turn.

First, Defendants argue that the contract excludes any mention of minimum wage or overtime payment and, for that reason, the claims must be dismissed. In passing the FLSA, however, Congress recognized that there are often great inequalities in bargaining power between employers and employees and, for that reason, Congress made its provisions mandatory. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). It is well established that rights under the FLSA cannot be abridged by contract or waived as doing so would nullify the statute's purpose. *Id.* (quoting *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)); *see also Fuentes v. CAI Intern., Inc.*, 782 F. Supp. 2d 1347, 1354 (S.D. Fla. 2010) (holding that FLSA overtime compensation cannot be contractually abridged or waived, and FLSA preempts any contractual waiver of overtime). Although Defendants argue that the parties did not address payment of minimum wage or overtime compensation in the contract, an employment contract cannot abridge Plaintiff's rights. As a result, the failure to address minimum wage and overtime compensation within the contract does not prevent Plaintiff from pleading claims under the Florida Minimum Wage Act or the FLSA.

The Court also takes notice that, in a footnote, Defendants dispute any allegation that they grossed the minimum amount necessary to be subject to the FLSA's wage and overtime provisions. *See* ECF No. [3] at 7, n.3. That is a question for another day. The Amended Complaint alleges that Defendants earned annual gross sales in an amount not less than $500,000 and, on a motion to dismiss, the Court must accept all allegations as true. For these reasons, Defendants' Motion to Dismiss Counts III and IV is denied.

Finally, Defendants argue that Plaintiff failed to specify the number of hours she worked for which she seeks unpaid minimum wages and overtime.  According to Defendants, the failure to include such allegations renders the Amended Complaint impermissibly vague and requires a more definite statement.  This Court requires that any plaintiffs pursuing a claim under the FLSA file and serve a Statement of Claim detailing an initial estimate of the total amount of alleged unpaid wages, a preliminary calculation of such wages, the approximate period during which the alleged FLSA violations occurred, and the nature of the wages.  *See* ECF No. [7]. Plaintiff indeed complied with this requirement on October 31, 2017 and Defendants responded to Plaintiff's Statement of Claim on November 7, 2017.  *See* ECF Nos. [14] and [20].  As a result, Defendants' argument is moot.

## IV.     CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and or Motion for a More Definite Statement, **ECF No. [3]**, is **GRANTED in part** and **DENIED in part**.  Consistent with this opinion, Count I of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall file a Second Amended Complaint by **January 10, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of December, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record